**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.

FULTON LEROY WASHINGTON, AKA
Larry W. Scott,
      *Defendant-Appellant.*

No. 09-56569

D.C. Nos.
2:01-cv-08491-DDP
2:96-cr-00557-
DDP-4

OPINION

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted
June 6, 2011—Pasadena, California

Filed August 8, 2011

Before: Diarmuid F. O'Scannlain and Sandra S. Ikuta,
Circuit Judges, and Lawrence L. Piersol,
Senior District Judge.*

Opinion by Judge Ikuta

---

*The Honorable Lawrence L. Piersol, Senior United States District
Judge for the District of South Dakota, sitting by designation.

10357

## COUNSEL

Michael J. Treman, Santa Barbara, California, for appellant Fulton Leroy Washington.

Patrick R. Fitzgerald, Assistant United States Attorney, Los Angeles, California, for appellee United States of America.

## OPINION

IKUTA, Circuit Judge:

Fulton Leroy Washington has challenged (or attempted to challenge) his conviction four times: on direct appeal, in his first motion under 28 U.S.C. § 2255, in a second § 2255 motion, and now in a motion purportedly under Rule 60(b)(4) of the Federal Rules of Civil Procedure. This appeal requires us to determine whether the district court had jurisdiction to hear Washington's self-styled Rule 60(b) motion, or whether the court should have dismissed it for lack of jurisdiction because it was actually a disguised third request for relief under § 2255 that did not meet the standard in § 2255(h) for second or successive motions brought under that section.

I

In November 1996, following a jury trial, Washington was convicted of conspiring to manufacture one kilogram or more

of a substance containing phencyclidine (PCP) in violation of 21 U.S.C. §§ 841(a)(1) and 846; possession of approximately eleven kilograms of piperidinocyclohexanecarbonitrile (PCC) with intent to manufacture PCP, in violation of § 841(a)(1); and attempted manufacture of more than one kilogram of a substance containing PCP in violation of §§ 841(a)(1) and 846. The jury did not make any finding as to the quantity of drugs attributable to Washington. At sentencing, the district court found by a preponderance of the evidence that Washington had possessed 108.86 grams of PCP, a finding that, in concert with Washington's prior convictions, triggered a mandatory term of life imprisonment under § 841(b)(1). We affirmed his conviction in an unpublished disposition. *See United States v. O'Neal*, 213 F.3d 644 (9th Cir. 2000) (unpublished).

Washington then commenced a series of collateral challenges to his conviction. Because a clear understanding of the nature of these challenges is necessary to resolve Washington's appeal, we first briefly explain the procedural framework for such challenges, and then explain the history of Washington's collateral challenges to his conviction in some detail.

## A

A federal prisoner who is "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States," 28 U.S.C. § 2255(a), may file a § 2255 motion with the district court that imposed the sentence. "As a general rule, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (quoting *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000)) (internal quotation marks omitted). If the district court denies relief, the petitioner may not appeal that denial without first obtaining a certificate of appealability pursuant to 28 U.S.C.

§ 2253(c)(1)(B). In order to obtain such a certificate, the petitioner must make "a substantial showing of the denial of a constitutional right" as to each issue the prisoner seeks to appeal. 28 U.S.C. § 2253(c)(2), (3).

A petitioner is generally limited to one motion under § 2255, and may not bring a "second or successive motion" unless it meets the exacting standards of 28 U.S.C. § 2255(h). This section provides that such a motion cannot be considered unless it has first been certified by the court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2255(h).

Because of the difficulty of meeting this standard, petitioners often attempt to characterize their motions in a way that will avoid the strictures of § 2255(h)—for example, by characterizing their motions as habeas petitions under 28 U.S.C. § 2241, which a petitioner may file without obtaining authorization from the court of appeals. A petitioner may file pursuant to § 2241 "if the remedy provided by § 2255 is 'inadequate or ineffective to test the legality of his detention.' " *Alaimalo v. United States*, ___ F.3d ___, 2011 WL 2463509, at *3 (9th Cir. 2011) (quoting 28 U.S.C. § 2255(e)); *see also Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (explaining that a § 2241 petition may be filed "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim" (citation and internal quotation marks omitted)).

In addition, petitioners may also characterize their pleading as being a motion under Rule 60(b) of the Federal Rules of Civil Procedure, which "allows a party to seek relief from a final judgment, and request reopening of his case, under a

limited set of circumstances," *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005), including, as relevant here, that the initial judgment was "void," Fed. R. Civ. P. 60(b)(4).[1] When a Rule 60(b) motion is actually a disguised second or successive § 2255 motion, it must meet the criteria set forth in § 2255(h). *Gonzalez*, 545 U.S. at 528. But the Supreme Court has not adopted a bright-line rule for distinguishing between a bona fide Rule 60(b) motion and a disguised second or successive § 2255 motion, instead holding that a Rule 60(b) motion that attacks "some defect in the integrity of the federal habeas proceedings" is not a disguised § 2255 motion but rather "has an unquestionably valid role to play in habeas cases." *Id.* at 532, 534; *see also United States v. Buenrostro*, 638 F.3d 720, 722-23 (9th Cir. 2011) (per curiam). Washington attempted to bring his challenge under the auspices of Rule 60(b), as discussed in more detail below.

---

[1] Rule 60(b) of the Federal Rules of Civil Procedure provides:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

## B

On October 1, 2001, Washington filed his first motion under 28 U.S.C. § 2255, which was assigned to Judge Byrne, the district judge who had presided over the trial and sentencing. During the pendency of the motion, Judge Byrne passed away, and the matter was reassigned to Judge Tevrizian. In that motion, Washington raised sixteen issues, only two of which are relevant here. First, he argued that he was actually innocent of the crimes for which he was convicted because he did not match the police description of the suspect. Specifically, Washington alleged that he was approximately 6 inches taller than the suspect, that there were crucial gaps in the government's surveillance that prevented the government from being able to link Washington to the crime, and that Washington's co-defendants had attested to his innocence. Second, Washington argued that his rights under the Confrontation Clause had been violated when the court allowed the government to introduce wiretaps of conversations by his co-conspirators, during which they referred to "Wash," a nickname ultimately connected to Washington and used to tie him to the crimes.

Judge Tevrizian denied Washington's § 2255 motion on February 2, 2006, in a thorough and lengthy order which considered some of Washington's many claims in detail, while disposing of others, such as his actual innocence and Confrontation Clause claims, with the statement, "[a]ny argument that Washington raised in his petition, but is not specifically discussed herein, is deemed meritless." Washington filed a notice of appeal, but both the district court and this court declined to grant him a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(B). Unable to appeal the district court's denial of the first § 2255 motion, Washington filed a second § 2255 motion in the district court on June 22, 2006. The district court denied it on the ground that it was an unauthorized second or successive motion. *See* 28 U.S.C. § 2255(h). We declined to issue a certificate of appealability.

Having failed to obtain authorization to appeal the denial of his first § 2255 motion, and unable to avoid the barriers to judicial review of his second § 2255 motion, Washington took a new approach. On July 9, 2007, he filed a "Motion Pursuant to Federal Rules of Civil Procedure 63, 60(b)(6), and 60(b)(4)," which did not challenge his conviction or sentence, but rather sought to vacate Judge Tevrizian's February 2, 2006 order denying his initial § 2255 petition. In his motion, Washington (proceeding pro se) raised numerous claims, including the arguments that Judge Tevrizian adjudicated the § 2255 motion without being familiar with the record, that Washington was innocent, that Judge Tevrizian should have held an evidentiary hearing on Washington's actual innocence claim, and that Judge Tevrizian had failed to consider and rule on Washington's Confrontation Clause and innocence claims.

This new motion was assigned to Judge Dean Pregerson, who construed it as a motion under Rule 60(b)(4) of the Federal Rules of Civil Procedure seeking relief from Judge Tevrizian's February 2, 2006 order denying Washington's initial § 2255 motion.[2] Although Washington's motion also invoked Rule 63 of the Federal Rules of Civil Procedure,[3] Judge Pregerson read the motion as claiming that Judge Tevrizian's order was void because the judge had not properly followed the procedure in Rule 63; Judge Pregerson therefore treated Washington's conflation of Rule 63 and Rule 60(b) as

---

[2]Rule 60(b)(4) states: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [if] . . . the judgment is void."

[3]Rule 63 of the Federal Rules of Civil Procedure provides:

If a judge conducting a hearing or trial is unable to proceed, any other judge may proceed upon certifying familiarity with the record and determining that the case may be completed without prejudice to the parties. In a hearing or a nonjury trial, the successor judge must, at a party's request, recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness.

a single Rule 60(b)(4) motion.[4] Because Washington claimed the order was void, and did not challenge the underlying validity of the sentence, Judge Pregerson rejected the government's argument that the motion was a disguised second or successive § 2255 motion.

Judge Pregerson denied Washington's motion on the merits. Noting that a judgment is void if "the parties or the court acted in a manner inconsistent with due process of law," Judge Pregerson ruled that the facts did not support Washington's claim that Judge Tevrizian's alleged unfamiliarity with the record deprived Washington of due process. Rather, Judge Pregerson concluded that Judge Tevrizian's understanding of the record was evident: the order disposing of the § 2255 petition was long and detailed, and it provided both the relevant background and a cogent legal analysis. Judge Pregerson further noted that Washington had failed to support his allegation with any evidence, merely making conclusory statements regarding Judge Tevrizian's knowledge of the case.

On August 15, 2008, Washington filed a notice of appeal from Judge Pregerson's denial of his Rule 60(b)(4) motion. A motions panel of this court remanded the case for the limited purpose of having the district court consider whether to issue a certificate of appealability. On remand, Judge Pregerson declined to grant a certificate of appealability on Washington's claim that Judge Tevrizian's disposition of the original § 2255 motion was void. According to Judge Pregerson, the denial of this claim was not one which reasonable jurists would debate. Judge Pregerson then proceeded to grant a certificate of appealability on three issues that he had not

---

[4]Washington also invoked Rule 60(b)(6), which provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief." Because Washington failed to allege an independent basis for relief under this provision, Judge Pregerson construed this claim as also being part of Washington's single Rule 60(b)(4) motion. Washington does not challenge Judge Pregerson's reclassification of his motion.

expressly addressed in his order denying the Rule 60(b)(4) motion, namely, Washington's claim of actual innocence based on the 6-inch height difference between himself and the suspect; his claim that his Confrontation Clause rights were violated; and his demand for an evidentiary hearing on the question whether his appellate counsel was ineffective in failing to raise an *Apprendi* error on direct appeal.[5] This appeal followed.

## II

**[1]** The government argues that Judge Tevrizian's February 2, 2006 order denying Washington's original § 2255 motion is not void. The government therefore urges us to affirm Judge Pregerson's order denying Washington's Rule 60(b)(4) motion. Before we can decide whether Judge Pregerson properly denied Washington's Rule 60(b)(4) motion, we must first decide whether that motion was actually a disguised § 2255 motion. If it was such a motion, then the district court lacked jurisdiction to entertain it due to Washington's failure to comply with the requirements of § 2255(h).

## A

Our analysis of the question whether Washington's motion is a disguised § 2255 motion is governed by the Supreme Court's decision in *Gonzalez v. Crosby*.[6] In *Gonzalez*, the Supreme Court considered a state prisoner's motion under Rule 60(b)(6) (the catch-all provision) to reopen a federal district court's dismissal of the habeas petition he had filed under

---

[5]Washington also raises this ineffective assistance of counsel claim on appeal. Because he did not raise this issue in his Rule 60(b)(4) motion, it was not properly before the district court and therefore is not a matter on which an appeal can be taken. Therefore, we dismiss this portion of Washington's appeal.

[6]Although *Gonzalez* was limited to § 2254 cases, 545 U.S. at 529 n.3, we have held that its analysis is equally applicable to § 2255 cases. *Buenrostro*, 638 F.3d at 722.

28 U.S.C. § 2254. *See* 545 U.S. at 527-29. The district court had dismissed the habeas petition as time-barred, based on its interpretation of the applicable tolling provisions. *Id.* at 527. The Supreme Court subsequently decided *Artuz v. Bennett*, 531 U.S. 4 (2000), which adopted a different interpretation of the applicable tolling provisions, under which Gonzalez's habeas petition would have been timely. *Gonzalez*, 545 U.S. at 527 (citing *Artuz*, 531 U.S. at 8-9). Gonzalez then filed a Rule 60(b)(6) motion asking the district court to reopen his case and reconsider the petition's timeliness in light of *Artuz*. *Id.* The district court denied the motion, and Gonzalez appealed. *Id.* The Eleventh Circuit, sitting en banc, held that the "petitioner's motion—indeed, any postjudgment motion under Rule 60(b) save one alleging fraud on the court under Rule 60(b)(3)—was in substance a second or successive habeas corpus petition." *Id.* at 528. Because it determined that "[a] state prisoner may not file such a petition without precertification by the court of appeals that the petition meets certain stringent criteria," and because Gonzalez's petition did not meet such criteria, the Eleventh Circuit affirmed the district court's denial of Gonzalez's Rule 60(b) motion. *Id.*

**[2]** The Supreme Court disagreed with the Eleventh Circuit's per se rule. Instead, it directed courts to focus on the substance of each motion. *See id.* at 530-33. If the alleged Rule 60(b) motion asserts some "defect in the integrity of the federal habeas proceedings," it is a legitimate Rule 60(b) motion. *Id.* at 530, 532 & n.5. One example of such a defect, according to the Court, is the contention that a habeas proceeding was flawed due to the existence of a "[f]raud on the federal habeas court," such as occurred in *Rodriguez v. Mitchell*, 252 F.3d 191 (2d Cir. 2001). *Gonzalez*, 545 U.S. at 532 n.5. In *Rodriguez*, the Second Circuit determined that a petitioner presented a bona fide Rule 60(b)(3) motion when he alleged that a witness had fraudulently claimed that his busy law practice precluded his testifying at the petitioner's habeas hearing. *Rodriguez*, 252 F.3d at 197, 199. Another example of a legitimate Rule 60(b) motion is one contending that a dis-

trict court erred in making a procedural ruling, such as on "failure to exhaust, procedural default, or statute-of-limitations bar," that actually "precluded a merits determination." *Gonzalez*, 545 U.S. at 532 n.4.

**[3]** On the other hand, if the motion presents a "claim," i.e., "an asserted federal basis for relief from a . . . judgment of conviction," then it is, in substance, a new request for relief on the merits and should be treated as a disguised § 2255 motion. *Id.* at 530. The Court gave a number of examples of such "claims," including: a motion asserting "that owing to 'excusable neglect,' the movant's habeas petition had omitted a claim of constitutional error," *id.* at 530-31 (citation omitted) (quoting Fed. R. Civ. P. 60(b)(1)); a motion to present "newly discovered evidence" in support of a claim previously denied, *id.* at 531 (citation omitted) (quoting Fed. R. Civ. P. 60(b)(2)); a contention "that a subsequent change in substantive law is a 'reason justifying relief' from the previous denial of a claim," *id.* (quoting Fed. R. Civ. P. 60(b)(6)); a motion "that seeks to add a new ground for relief," *id.* at 532; a motion that "attacks the federal court's previous resolution of a claim on the merits," *id.* (emphasis omitted); a motion that otherwise challenges the federal court's "determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief," *id.* at 532 n.4; and finally, "an attack based on the movant's own conduct, or his habeas counsel's omissions," *id.* at 532 n.5. According to the Court, if a pleading labeled a Rule 60(b) motion includes such claims, it "is in substance a successive habeas petition and should be treated accordingly." *Id.* at 531. Said otherwise, a motion that does not challenge "the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably," is raising a "claim" that takes it outside the purview of Rule 60(b). *Id.* at 532 n.5; *accord Buenrostro*, 638 F.3d at 722-23 (holding that a Rule 60(b)(6) motion asserting ineffective assistance of counsel in the movant's original criminal trial asserted a "claim" within the meaning of *Gonzalez* and therefore was in essence a disguised § 2255 motion).

B

In light of these principles, we must determine whether Washington's motion raises "claims" and thus should be considered a disguised second or successive § 2255 motion that we must dismiss for lack of jurisdiction, or whether it instead alleges a "defect in the integrity of the federal habeas proceedings," and thus constitutes a legitimate Rule 60(b) motion. In conducting this analysis, we consider separately each of the contentions that are on appeal, see *United States v. Allen*, 157 F.3d 661, 663-64 (9th Cir. 1998), specifically, Washington's assertions that Judge Tevrizian's order is void, that Washington is actually innocent, and that his Confrontation Clause rights were violated.

**[4]** We begin by considering Washington's contention that Judge Tevrizian's order is void because the judge failed to comply with Rule 63. Washington raises two main bases for this argument. First, he states that Judge Tevrizian failed to comply with Rule 63's requirement to certify familiarity with the record. Second, he argues that Judge Tevrizian erred in his handling of the § 2255 motion by (among other things) failing to develop the record, failing to rule on all of Washington's claims, failing to conduct evidentiary hearings, and making other errors in his resolution of the case.[7] Neither of these claims amounts to an allegation of a "defect in the integrity of the federal habeas proceeding[ ]," *Gonzalez*, 545 U.S. at 532, that could constitute a legitimate Rule 60(b) motion. Although allegations that a judge was biased, had a conflict of interest, or otherwise engaged in behavior that gave rise to an appearance of impropriety may be a basis for claiming a

---

[7]Specifically, Washington alleges that Judge Tevrizian did not "consider post-trial decisions" made by Judge Byrne before the latter's death; did not allow supplemental briefing and evidentiary hearings on various factual questions (including Washington's innocence); and addressed in his opinion only the issues on which relief could be denied while disposing of all meritorious issues without discussion.

defect in the integrity of the proceedings for Rule 60(b) purposes, *see generally Caperton v. A.T. Massey Coal Co.*, 129 S. Ct. 2252 (2009), none of Washington's claims rise to that level. First, a failure to discharge the ministerial certification requirement set forth in Rule 63, even if it occurred in this case, does not cast doubt on the proceeding's integrity. Similarly, Washington's argument that Judge Tevrizian mishandled the § 2255 motion because he failed to develop the record sufficiently, lacked familiarity with the facts of the case, failed to make detailed rulings on each of Washington's claims, and declined to conduct an evidentiary hearing on Washington's actual innocence claim, does not constitute an allegation of a defect in the integrity of the proceedings; rather, such arguments are merely asking "for a second chance to have the merits determined favorably," *Gonzalez*, 545 U.S. at 532 n.5, and are precisely the sort of attack on "the federal court's previous resolution of a claim on the merits," *id.* at 532 (emphasis omitted), that *Gonzalez* characterized as a "claim" which is outside the scope of Rule 60(b). Accordingly, we conclude that Washington's attack on Judge Tevrizian's handling of his case is a disguised § 2255 motion.

**[5]** We next consider Washington's arguments in his Rule 60(b)(4) motion that Judge Tevrizian violated due process by failing to address his Confrontation Clause and actual innocence claims in sufficient detail. As explained above, Judge Tevrizian rejected these claims in a summary fashion as "meritless." Again, Washington's contentions amount to attacks on the "federal court's previous resolution of a claim on the merits," *id.* at 532 (emphasis omitted), and challenge the court's "determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief," *id.* at 532 n.4. Therefore, they also constitute "claims" that may be raised only via a § 2255 motion.

**[6]** Washington's argument that Judge Tevrizian erred by failing to hold an evidentiary hearing on his actual innocence contentions likewise presents a "claim," as Washington

expressly seeks a fresh opportunity to air the arguments that failed at his trial, asking the district court to make "credibility determinations" of the various witnesses, his co-defendants, his former counsel, and the government attorneys who prosecuted him. Because the gravamen of Washington's assertions go to the merits of his conviction, his Rule 60(b) motion is, in fact, a § 2255 motion in disguise.

## C

**[7]** Because we have determined that Washington's purported Rule 60(b) motion is a disguised § 2255 motion, the district court lacked jurisdiction to consider his claims unless they met the stringent standard for presenting a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h). Section 2255(h) provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." Section 2244(b)(3)(A), in turn, provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A). Reading these statutes together, we have held that "[a] second or successive § 2255 petition may not be considered by the district court unless petitioner obtains a certificate authorizing the district court to do so." *Alaimalo*, 2011 WL 2463509 at * 11 (citing 28 U.S.C. § 2255(h)). To date, Washington has not sought, and this court has not issued, any such certificate authorizing Washington to file a successive § 2255 motion. Accordingly, the district court was without jurisdiction to entertain Washington's successive (albeit disguised) § 2255 motion.

**[8]** Although Washington failed to seek prior authorization as required by § 2255(h), we nevertheless will construe Washington's instant appeal as a motion for authorization to file a successive § 2255 motion. We decline to certify the motion pursuant to § 2255(h). Washington does not purport to rely on

"a new rule of constitutional law," § 2255(h)(2), and his "motion" fails to identify "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense," § 2255(h)(1). Indeed, Washington's Confrontation Clause argument is not based on any evidence that is "newly discovered," as he knew of the audio tapes' admission at his original trial. Nor does Washington's actual innocence claim involve new evidence, as he was aware of the height discrepancy at the time of his original trial, *Baumann v. United States*, 692 F.2d 565, 579-80 (9th Cir. 1982), and, under our precedent, his co-defendants' recent desire to exculpate Washington does not qualify as "newly discovered" evidence, *United States v. Reyes-Alvarado*, 963 F.2d 1184, 1188 (9th Cir. 1992). Because Washington was not authorized under § 2255(h) to bring a second habeas motion, the district court lacked jurisdiction to consider these claims, and we must vacate its denial of his motion and remand with orders that the case be dismissed.[8]

---

[8]Because we dispose of Washington's claims on this basis, we need not reach the question, which is open in our circuit, whether a petitioner who seeks to appeal a district court order denying his legitimate Rule 60(b)(4) motion must seek and obtain a certificate of appealability pursuant to § 2253(c)(1). *Cf. Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004) (certificate required to appeal Rule 60(b) motion denials); *Gonzalez v. Sec'y for Dep't of Corrections*, 366 F.3d 1253, 1266-67 (11th Cir. 2004) (en banc) (same), *aff'd on other grounds sub nom. Gonzalez v. Crosby*, 545 U.S. 524 (2005); *Dunn v. Cockrell*, 302 F.3d 491, 492 & n.1 (5th Cir. 2002) (per curiam) (certificate not required when petitioner appeals the denial of a genuine Rule 60(b) motion); *Kellogg v. Strack*, 269 F.3d 100, 103 (2d Cir. 2001) (per curiam) (certificate required to appeal Rule 60(b) motion denials); *Rutledge v. United States*, 230 F.3d 1041, 1047 (7th Cir. 2000) (assuming, without analysis, that a certificate is required to appeal Rule 60(b) motion denials); *Morris v. Horn*, 187 F.3d 333, 336 (3d Cir. 1999) (same).

### III

Pursuant to the Supreme Court's instructions in *Gonzalez*, we have examined each of Washington's claims in his purported Rule 60(b)(4) motion to determine whether they allege some "defect in the integrity of the federal habeas proceedings" or instead present "claims" constituting a new request for relief on the merits. *Gonzalez*, 545 U.S. at 532. Because all of the issues on appeal are of the merits variety, we vacate the district court's denial of Washington's Rule 60(b)(4) motion and remand with instructions to dismiss it as an unauthorized successive § 2255 motion.

**VACATED and REMANDED with instructions to DISMISS.**