**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PEDRO HERNANDEZ,

            Petitioner - Appellant,

    v.

UNITED STATES OF AMERICA,

            Respondent - Appellee.

No. 11-35350

D.C. No. 1:11-cv-00013-JDS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Pedro Hernandez appeals from the district court's judgment denying his

28 U.S.C. § 2241 petition challenging his conviction and sentence for drug crimes

and money laundering. Because the district court lacked jurisdiction over the

petition, we vacate and remand.

Hernandez argues that he satisfies the requirements of the "escape hatch" of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 2255(e). This argument fails because Hernandez does not argue that he is actually innocent of the charges of conviction, and the challenges that he advances in his petition could have been raised on direct appeal or in his section 2255 motion. *See Stephens v. Herrera*, 464 F.3d 895, 898-99 (9th Cir. 2006) (instructional error consisting in failure to require unanimity is not a claim of "actual innocence" for escape hatch purposes); *Harrison v. Ollison*, 519 F.3d 952, 961 (9th Cir. 2008) (petitioner who could have raised claim on direct appeal or in his first § 2255 motion cannot show that he did not have "unobstructed procedural shot" at raising claim to qualify for escape hatch). Accordingly, Hernandez's petition is not properly brought under section 2241 but is, rather, a disguised successive section 2255 motion over which the district court lacked jurisdiction. *See Harrison*, 519 F.3d at 961-62.

Although Hernandez failed to seek prior authorization to file a successive section 2255 motion as required by section 2255(h), we construe the instant appeal as a motion for such authorization. *See United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1609 (2012). So construed, the motion is denied, as Hernandez fails to identify "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would

11-35350

have found [him] guilty of the offense." 28 U.S.C. § 2255(h)(1). Because the district court denied Hernandez's petition rather than dismissing it, and because Hernandez does not satisfy the requirements of section 2255(h), we remand with instructions to dismiss for lack of jurisdiction.

**VACATED and REMANDED with instructions to dismiss.**