**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 04 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ENIO ZARAGOZA-SANTA CRUZ,<br><br>Defendant - Appellant. | No. 12-35728<br><br>D.C. Nos.  2:10-cv-03085-EFS<br>2:08-cr-02095-EFS-2<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, Senior District Judge, Presiding

Submitted August 28, 2014[**]
Seattle, Washington

Before:  HAWKINS, GRABER, and GOULD, Circuit Judges.

Petitioner timely appeals the district court's order denying his motion for

reconsideration under Federal Rule of Civil Procedure 60(b).  Reviewing de novo

whether Petitioner's Rule 60(b) motion is an unauthorized second or successive

habeas petition, Jones v. Ryan, 733 F.3d 825, 833 (9th Cir.), cert. denied, 134 S.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision
without oral argument.  Fed. R. App. P. 34(a)(2).

Ct. 503 (2013), we hold that it is. The district court therefore lacked jurisdiction to entertain it. Burton v. Stewart, 549 U.S. 147, 157 (2007) (per curiam). Accordingly, we vacate the district court's order and remand with instructions to dismiss.

Petitioner's Rule 60(b) motion is, by its substance, a "disguised second or successive § 2255 motion" barred by 28 U.S.C. § 2255(h). United States v. Washington, 653 F.3d 1057, 1060 (9th Cir. 2011). Even assuming that Petitioner can raise a colorable argument that his original habeas petition was timely, Petitioner's Rule 60(b) motion does not attack "some defect in the integrity of the federal habeas proceedings." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005); see also United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir. 2011) (per curiam) (extending Gonzalez' holding on petitions brought under 28 U.S.C. § 2254 to those brought under 28 U.S.C. § 2255). The district court denied Petitioner's § 2255 petition as untimely and, in the alternative, on the merits, so any error concerning timeliness was harmless.

Petitioner also seeks leave to amend his habeas petition. But a Rule 60(b) motion that "seeks to add a new ground for relief" and "attacks the federal court's previous resolution of a claim on the merits" is precisely the sort of disguised

second or successive habeas petition barred by § 2255(h). Gonzalez, 545 U.S. at 532; Buenrostro, 638 F.3d at 722.

Finally, Petitioner has not sought authorization to file a second or successive petition under § 2255(h), and nothing in his motion suggests that newly discovered evidence or a new rule of constitutional law would allow us to grant it. The district court therefore lacked jurisdiction to entertain Petitioner's disguised second or successive habeas petition. Washington, 653 F.3d at 1065. Accordingly, the remaining issues certified for appeal were not properly before the district court. We vacate the district court's order denying Petitioner's Rule 60(b) motion and remand with instructions to dismiss for lack of jurisdiction. See Burton, 549 U.S. at 157 (directing the district court to dismiss for lack of jurisdiction a second or successive habeas petition).

VACATED and REMANDED with instructions to DISMISS. Costs on appeal are awarded to Appellee.