NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 05 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff - Appellee,<br><br>v.<br><br>JOHN LANNY LYNCH,<br><br>          Defendant - Appellant. | No. 13-35836<br><br>D.C. Nos.   9:07-cv-00118-DWM<br>                  9:99-cr-00018-DWM-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Senior District Judge, Presiding

Submitted February 2, 2016[**]
Seattle, Washington

Before: KOZINSKI, O'SCANNLAIN, and GOULD, Circuit Judges.

We dismiss Lynch's appeal for lack of jurisdiction.

The district court held that Lynch's purported Rule 60(b) motion is actually

an unauthorized, second or successive habeas petition under 28 U.S.C. § 2255.  For

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

us to entertain his appeal, Lynch needs a Certificate of Appealability (COA), *see*

*Jones v. Ryan*, 733 F.3d 825, 832 n.3 (9th Cir. 2013), and the district court refused

to grant him one. Because the district court's disposition of his motion counts as a

dismissal on procedural grounds, *id.*, Lynch can obtain a COA now only if he

shows (among other things) "that jurists of reason would find it debatable whether

the district court was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S.

473, 484 (2000).

We deny Lynch a COA because the district court was indisputably correct

that his Rule 60(b) motion is an unauthorized, second or successive § 2255

petition.

First, the vast bulk of Lynch's self-styled Rule 60(b) motion aims to

discredit our decision, on his direct appeal, that the prosecution put forth sufficient

evidence to convict him of violating the Hobbs Act, 18 U.S.C. § 1951. *See United

States v. Lynch*, 437 F.3d 902, 911 (9th Cir. 2006) (en banc) (per curiam). Such

allegations cannot form part of a legitimate Rule 60(b) motion because they have

nothing to do with the integrity of Lynch's § 2255 proceeding. "Because the

gravamen of [Lynch's] assertions go to the merits of his conviction, his Rule 60(b)

motion is, in fact, a § 2255 motion in disguise." *United States v. Washington*, 653

F.3d 1057, 1065 (9th Cir. 2011).

2

Second, insofar as Lynch would have us believe that his original § 2255 petition stated a claim of ineffective assistance of appellate counsel that the district court overlooked, we reject his premise. So-called "claim #2" in Lynch's petition does not, by any stretch, allege ineffective assistance of appellate counsel. Lynch is simply attempting to raise "a new claim for relief, wholly independent of the claims adjudicated in his first § 2255 proceeding." *United States v. Buenrostro*, 638 F.3d 720, 723 (9th Cir. 2011). A novel claim like that may not proceed under Rule 60(b); instead, it "must be treated as a § 2255 motion" subject to the limitations on second or successive petitions set forth in § 2255(h). *Id.*

Because jurists of reason would not debate the district court's ruling that Lynch's Rule 60(b) motion constitutes an unauthorized, second or successive petition for habeas corpus under § 2255, we deny Lynch a COA, and we dismiss his appeal for lack of jurisdiction.

**DISMISSED.**