NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>GLAFIRO GONZALEZ,<br><br>Defendant-Appellant. | No.    18-10060<br><br>D.C. No. 1:03-cr-05165-LJO-6<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted December 17, 2018[**]

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Glafiro Gonzalez appeals pro se from the district court's order denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), his request to have

his federal sentence made retroactively concurrent to his state sentence, and his

Federal Rule of Civil Procedure 60(b) motion.  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we affirm.

Gonzalez argues that he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). Gonzalez was convicted of a conspiracy that involved over 45 kilograms of methamphetamine mixture. Even after Amendment 782, the guideline range applicable to Gonzalez remains 360 months to life. *See* U.S.S.G. § 2D1.1(c)(1) (2014). Because Amendment 782 did not lower Gonzalez's applicable guideline range, the district court correctly concluded that he is ineligible for a sentence reduction. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B); *Leniear*, 574 F.3d at 674. Gonzalez's arguments regarding his aggravating role enhancement and the drug quantity used to calculate his offense level at sentencing are not cognizable in a section 3582(c)(2) proceeding. *See Dillon v. United States*, 560 U.S. 817, 831 (2010).

Gonzalez next contends that his federal sentence should be made to run concurrent to an earlier imposed state sentence. The district court correctly denied Gonzalez's request because motions challenging the manner in which a sentence is executed must be brought through a 28 U.S.C. § 2241 motion. *See United States v. Giddings*, 740 F.2d 770, 771-72 (9th Cir. 1984). Such a motion must be brought in

18-10060

the district where Gonzalez is confined—the Central District of California—and not the district where he was sentenced. *See Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012).

Finally, the district court correctly denied Gonzalez's Rule 60(b) motion because the motion was, in effect, an unauthorized second or successive motion under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2244(a); *United States v. Washington*, 653 F.3d 1057, 1063 (9th Cir. 2011).

Gonzalez's motion for judgment is denied.

**AFFIRMED.**

18-10060