**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10066 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00285-RJB-1 |
| v. | |
| IVORY CROW, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Robert J. Bryan, District Judge, Presiding

Submitted October 15, 2019[**]

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Ivory Crow appeals pro se from the district court's order denying his motion

for reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and we vacate

and remand.

In his motion for reconsideration, Crow argued that he was denied his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

constitutional right to be present at a critical stage of his criminal proceedings when the district court amended his judgment and sentence in his absence, eight days after the sentencing hearing,[1] and that his federal sentences should not have been aggregated. These arguments challenge the legality of Crow's detention, and would need to be raised in a motion under 28 U.S.C. § 2255. *See United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011) ("A federal prisoner who is 'claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States,' 28 U.S.C. § 2255(a), may file a § 2255 motion with the district court that imposed the sentence."). At the time Crow filed his motion for reconsideration, his first section 2255 motion had already been adjudicated on the merits. Because Crow did not obtain this court's authorization to file another section 2255 motion, his motion for reconsideration should have been treated as a disguised second or successive section 2255 motion over which the district court lacked jurisdiction. *See* 28 U.S.C. § 2255(h); *Washington*, 653 F.3d at 1065. Because the district court denied Crow's motion on the merits, we remand with instructions that the district court deny the motion as an unauthorized second or successive section 2255 motion.

Crow's motion to recuse the Honorable Robert J. Bryan on remand is

---

[1] The judgment and sentence was amended only to reflect the amount of restitution to be paid.

denied, as Crow has made no showing that Judge Bryan's impartiality might reasonably be questioned or that he has a personal bias or prejudice concerning Crow. *See Liteky v. United States*, 510 U.S. 540, 547, 555 (1994).

Crow's "Motion in Arrest of Judgment" is denied.

**VACATED and REMANDED with instructions.**