NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 2 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAVIER VASQUEZ-VELASCO, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | No. 21-71430 <br><br> MEMORANDUM[*] |

Application to File a Second or Successive Petition
Under 28 U.S.C. § 2255

Submitted March 28, 2025[**]
Pasadena, California

Before: BOGGS[***], FRIEDLAND, and BRESS, Circuit Judges.

Javier Vasquez-Velasco ("Vasquez") requests our authorization to file a

successive 28 U.S.C. § 2255 petition with the district court, seeking to set aside

two 1990 convictions for aiding and abetting murder in furtherance of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

racketeering. *See* 28 U.S.C. § 2255(a). Because Vasquez fails to satisfy the statutory requirements, we deny authorization.[1]

The Government's theory at Vasquez's trial was that on January 30, 1985, Vasquez assisted the Guadalajara Narcotics Cartel ("the Cartel"), in murdering two tourists at the La Langosta restaurant in Guadalajara, Mexico, after mistaking them for Drug Enforcement Agency ("DEA") agents. A week later, the Cartel murdered DEA Special Agent Enrique Camarena. Vasquez was charged and convicted under 18 U.S.C. § 1959 for aiding and abetting the La Langosta murders. He was not implicated in or charged with the Camarena murder. However, all of the murders were tried together, under the theory that the Cartel committed them collectively in an attempt to retaliate against the DEA.

Citing alleged newly discovered evidence, Vasquez now requests authorization to move to set aside his convictions under 28 U.S.C. § 2255. Because he previously petitioned for § 2255 relief in 1997, 2014, and 2016, Vasquez "may not bring a 'second or successive motion' unless it meets the exacting standards of

---

[1]  We need not decide whether Vasquez's request is timely under 28 U.S.C. § 2255 because the limitations period in § 2255 is not jurisdictional and we deny authorization on other grounds. *See United States v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004) (holding that the limitations period in § 2255 is subject to equitable tolling); *United States v. Kwai Fun Wong*, 575 U.S. 402, 408 (2015) (reasoning that a limitations period that is subject to equitable tolling cannot be "jurisdictional").

28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011) (quoting 28 U.S.C. § 2255(h)).[2] Section 2255(h)(1) requires him to allege "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense."

Although Vasquez presents some new evidence, his request for authorization falls short of § 2255(h)(1)'s requirements. To support his claim, Vasquez first directs us to former DEA Agent Hector Berellez's 2020 memoir, *The Last Narc.* Berellez's book claims the Camarena murder was not committed to retaliate against the DEA, but rather to cover up a Central Intelligence Agency conspiracy involving Nicaraguan Contras. Vasquez argues that if presented with that evidence in 1990, the trial court might have declined to exercise extraterritorial jurisdiction over his case or would otherwise have allowed him to sever his trial.

But even assuming the truth of Berellez's written allegations, his memoir does not allege or support Vasquez's innocence, nor does it dispute that the La

---

[2] To the extent that Vasquez raises substantive claims under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959), those claims refer to government misconduct occurring in 1998 or earlier. Because the alleged constitutional violations would have occurred prior to Vasquez's § 2255 petitions in 2014 and 2016, the claims are now "successive" when raised in this subsequent petition and must satisfy § 2255(h). *United States v. Buenrostro*, 638 F.3d 720, 725–26 (9th Cir. 2011) (holding that claims "ripe at the time of a prisoner's first § 2255 proceeding but not discovered until afterward" are considered "second or successive" under § 2255(h)).

Langosta murders, as opposed to the Camarena murder, were an attempt to further the Cartel's racketeering enterprise by retaliating against the DEA.[3] In seeking authorization to file a successive § 2255 petition, Vasquez must do more than argue that new evidence *might* have caused the district court to rule differently on trial motions: he must now make a "prima facie" showing that the newly discovered evidence, "if proven and viewed in light of the evidence as a whole," would be sufficient to establish by clear and convincing evidence that every reasonable factfinder would find him innocent of aiding and abetting the La Langosta murders. 28 U.S.C. § 2255(h)(1). Berellez's memoir does not make that showing.

Vasquez also supports his claim with evidence that attacks the credibility of witnesses at his 1990 trial. One is the 2020 Amazon Studios documentary series *The Last Narc*, in which three of Berellez's informants describe witnessing the La Langosta murders. Vasquez argues that those descriptions conflict with the testimony of Enrique Plascencia-Aguilar ("Plascencia"), an eyewitness who identified Vasquez as an accomplice. Vasquez also points to a 2020 lawsuit filed by former DEA Agent James Kuykendall. That lawsuit alleges that Berellez (who investigated the Camarena murders) was suspected of coaching witnesses and

---

[3] We previously affirmed that that retaliatory motive was sufficient basis for the trial court asserting extraterritorial jurisdiction over Vasquez. *United States v. Vasquez-Velasco*, 15 F.3d 833, 841 (9th Cir. 1994).

notes that Hector Cervantes-Santos ("Cervantes"), a Berellez informant who incriminated Vasquez at trial, later recanted his testimony.[4]

Those pieces of evidence also fail to satisfy § 2255(h)(1)'s demanding requirements. At the outset, the new evidence does not significantly affect much of the existing evidence in Vasquez's case. Importantly, Vasquez's proffered documentary is reconcilable with Vasquez's guilt because the documentary does not rule out the possibility that Vasquez was a participant in the La Langosta murders. Similarly, Cervantes subsequently withdrew his recantation and reaffirmed his original trial testimony, and we generally view such recantations "with suspicion" in reviewing claims of actual innocence. *See Gable v. Williams*, 49 F.4th 1315, 1323 (9th Cir. 2022). If anything, Vasquez's pieces of new evidence are somewhat in tension with one another: one seemingly implies that Berellez informants, like Cervantes, are untrustworthy, while the other relies heavily on testimony from three Berellez informants.

But even accepting that the new evidence contradicts testimony from his trial, Vasquez has not shown that the new evidence would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found

---

[4] Cervantes later withdrew his recantation and reaffirmed his original trial testimony. And in denying Vasquez's initial § 2255 motion in 1999, the district court found that Cervantes recanted due to financial and familial pressures, rather than because his testimony was untrue. Both the district court and our court then denied a certificate of appealability.

him to be guilty of aiding and abetting the La Langosta murders. The jury could have credited Plascencia and Cervantes's sworn trial testimony over the unsworn accounts in the documentary series. And a reasonable factfinder might also note that the prosecution's case was supported at trial by two other witnesses, whose testimony Vasquez's new evidence does not dispute. Accordingly, Vasquez's evidence does not make the requisite prima facie showing of actual innocence under § 2255(h)(1).

Authorization **DENIED**.