NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL PHILLIP PATRAKIS,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

No. 24-6974

D.C. No.
1:17-cr-00109-LEK-1

MEMORANDUM*

Application to File Second or Successive Petition
Under 28 U.S.C. § 2255

Submitted October 7, 2025**
Honolulu, Hawaii

Before: McKEOWN, FRIEDLAND, and SUNG, Circuit Judges.

Michael Phillip Patrakis ("Patrakis") requests our authorization to file a

successive 28 U.S.C. § 2255 habeas petition to set aside his 2018 guilty plea to two

counts of sexual exploitation of a child in violation of 18 U.S.C. § 2251. *See* 28

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 2255(a).  Because Patrakis fails to satisfy the statutory requirements, we deny authorization.

Patrakis alleges that he recently discovered that one of the victims identified in his guilty plea was involved in an unrelated homicide case and that she pled guilty to a crime associated with that homicide in 2018.  Patrakis argues that had he been aware of that allegedly new evidence, he would have declined his plea deal and "taken his chances before a jury" because that evidence would have undermined the victim's credibility and demonstrated her propensity for violence.

Because Patrakis already filed an unsuccessful motion under 28 U.S.C. § 2255 in 2020, his successive motion is subject to the "exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011).  Section 2255(h)(1) requires a court of appeals to certify that the petitioner's motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense."[1]  *See also United States v. Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011)

---

[1]  We need not decide whether Patrakis's request is timely under 28 U.S.C. § 2255(f) because the limitations period in § 2255 is not jurisdictional and we deny authorization on other grounds.  *See United States v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004) (holding that the limitations period in § 2255 is subject to equitable tolling); *United States v. Wong*, 575 U.S. 402, 408-09 (2015) (reasoning that a limitations period that is subject to equitable tolling cannot be jurisdictional).

("Section 2255(h)(1) allows us to certify such claims when they prove by clear and convincing evidence a prisoner's innocence.").

Patrakis's request for authorization falls short of that exacting requirement. Even assuming that Patrakis's allegedly new evidence would have been admissible for the purposes that he asserts, he does not explain how evidence that the victim pled guilty to an entirely unrelated crime would "establish by clear and convincing evidence" that no reasonable juror would find him guilty of sexual exploitation of that victim. 28 U.S.C. § 2255(h)(1). Patrakis's purported impeachment evidence "is a step removed from evidence pertaining to the crime itself." *Calderon v. Thompson*, 523 U.S. 538, 563 (1998). Moreover, the prosecution's theory did not rely solely on the victim's testimony. Accordingly, Patrakis's allegedly new impeachment evidence does not make the requisite prima facie showing of actual innocence under § 2255(h).

Authorization **DENIED**.