United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 7, 2004**

Charles R. Fulbruge III
Clerk

I n the

# United States Court of Appeals
## for the Fifth Circuit

No. 03-41293

ERIC LYNN MOORE,

Petitioner-Appellee-
Cross-Appellant,

VERSUS

DOUG DRETKE,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellant-
Cross-Appellee,

Appeals from the United States District Court
for the Eastern District of Texas

Before SMITH, EMILIO M. GARZA and
DENNIS, Circuit Judges.

PER CURIAM:

The state appeals a conditional grant of a writ of habeas corpus to Eric Moore. Moore cross-appeals, asking us to vacate the writ and instruct the district court to conduct an evidentiary hearing. We vacate the writ and re-mand for further proceedings, which need not necessarily include the requested evidentiary hearing.

This court previously granted Moore permission to file a successive habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, because he had made a *prima facie* showing of entitlement to relief predicated on

*Atkins v. Virginia*, 536 U.S. 304 (2002)§§a claim that was previously unavailable to him. *In re Moore,* No. 03-40207, 67 Fed. Appx. 252 (5th Cir. May 12, 2003) (unpublished) (table) (citing 28 U.S.C. § 2244(b)(2)(A)). We directed the district court to conduct its own searching review of the record to determine whether Moore had satisfied the requirements for filing such a petition. As a result, and depending on its inquiry, that court had the power either to find that Moore had failed to satisfy § 2244's standards and deny him leave to file his petition, or to consider the petition on the merits. *See Reyes-Requena v. United States*, 243 F.3d 893, 899 (5th Cir. 2001).

The district court did neither, but instead granted Moore a stay of execution and agreed with our assessment that Moore could file his successive habeas petition because it satisfied the requirements of 28 U.S.C. § 2244(b)-(2)(A).[1] Moore§§seeking to develop the rec

ord in anticipation of a hearing on the merits of his petition§§moved for appointment of a psychologist trained in the field of mental retardation, and for a social history investigation. The district court denied those requests as premature.

Instead of holding the hearing that Moore sought, the court opted to fault the state courts for a perceived misapplication of their own laws in acting on Moore's state habeas petition. To remedy the state's "error," the court granted the writ and conditionally ordered Moore released. The court provided that its order would not take effect if the state courts either (a) reopened Moore's state habeas petition and conducted a fact-finding hearing to determine whether his execution would violate *Atkins* or (b) commuted the sentence to life imprisonment.

On appeal, neither party defends the district court's decision. It is axiomatic that

---

[1] The district court found only that Moore's petition "appears" to satisfy the requirements of 28 U.S.C. § 2244(b)(2)(A) and that "it certainly does not conclusively demonstrate that it does not meet the three elements" of that section. That is insufficient. AEDPA expressly and unambiguously provides that the district court "shall dismiss" the petition "unless the applicant shows that the claim satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4). The mere appearance of compliance is an insufficient basis to authorize the filing of a successive habeas petition.

We recognize, however, that this error flows naturally from a literal interpretation of language from *In re Morris*, 328 F.3d 739, 741 (5th Cir. 2003) (per curiam)§§language that this panel quoted in our directive to the district court. *Morris* did
(continued...)

[1](...continued)
not change the standard governing the district court's § 2244(b)(4) inquiry. It sought only to explain that standard in the panel's own words and, in so doing, may have given the misleading impression that a successive habeas petition can be dismissed by the district court only if the *state* conclusively shows that the petition *does not* comply with the statute. *See Morris*, 328 F.3d at 741.

The correct standard is still the one in the statute: The applicant bears the burden of demonstrating that the petition does in fact comply with the statute, and the district court shall dismiss the petition unless that showing is made. *See* 28 U.S.C. § 2244; *Brown v. Lensing*, 171 F.3d 1031, 1032 (5th Cir. 1999). We do not use this reason to vacate the writ, however, because the state does not make this argument on appeal. *See United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000).

"infirmities in state habeas proceedings do not constitute grounds for federal habeas relief." *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1993).[2] This is because "an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Rudd v. Johnson*, 256 F.3d 317, 320 (5th Cir. 2001).

As a result, the district court had no basis for its conclusion that Moore was entitled to habeas relief on a mere showing that the Texas courts had misapplied their own procedural rules to his state habeas petition. Rather, the district court's habeas jurisdiction extends only to claims that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States," *see* 28 U.S.C. § 2254(a), and it is only on a finding of such a violation that the court may grant habeas relief. The district court did not find a violation of federal law, so we vacate the writ.[3]

In his cross-appeal, Moore raises two issues that are premature at this stage of the litigation. He argues that he is entitled to an evidentiary hearing on his claim of mental retardation and that his petition is not procedurally defaulted. The district court has not addressed these questions, so we decline to consider them on appeal. *See Floors Unlimited, Inc. v. Fieldcrest Cannon, Inc.*, 55 F.3d 181, 187 (5th Cir. 1995).

On remand, the court must consider whether Moore is entitled to an evidentiary hearing under 28 U.S.C. § 2254(e)(2)(A) and (B). Regardless of whether it holds such a hearing, the court must determine whether Moore's claim is procedurally defaultedSSan issue that it expressly reserved. If it decides that there is no default, the court must determine whether Moore is entitled to relief on the merits of his *Atkins* claim, and if so, the court should fashion an appropriate remedy.

We VACATE the writ and REMAND for further proceedings not inconsistent with this opinion.

---

[2] *See also Henderson v. Cockrell*, 333 F.3d 592, 606 (5th Cir.), *cert. denied*, 124 S. Ct. 1170 (2004); *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997).

[3] We are not insensitive to the district court's statement, made in the course of denying a motion to reconsider, that the parties failed adequately to brief this issue despite specific instructions to do so. Nevertheless, the issue is jurisdictional, and the court was required to consider it *sua sponte* if necessary. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir.), *cert. denied*, 124 S. Ct. 287 (2003).