**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 4, 2012

Lyle W. Cayce
Clerk

No. 11-30937

IN RE: AARON GENTRAS,

Movant

Motion for an order authorizing
the United States District Court for the Eastern
District of Louisiana to consider
a successive 28 U.S.C. § 2254 application

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:

Aaron Gentras, Louisiana prisoner #129938, has requested authorization to file a second 28 U.S.C. § 2254 application in federal district court. Gentras was convicted of cocaine possession and was sentenced to 50 years of imprisonment at hard labor without the benefit of probation or suspension of sentence. He seeks to argue that his constitutional rights were violated when the Louisiana Fifth Circuit Court of Appeal used flawed procedures to review his state petitions for postconviction review. He also wishes to challenge the ruling by the Louisiana Supreme Court, made after his first § 2254 application was decided, transferring his case to the state Fifth Circuit for review by a panel of that court. Finally, he suggests that he wants to reurge the claims he raised in his first § 2254 application. He seeks to raise these claims now based on new facts regarding purportedly improper procedures the state Fifth Circuit used to decide

pro se postconviction petitions and the remedial procedures the Louisiana Supreme Court adopted in response.

Infirmities in state postconviction proceedings are not grounds for relief under § 2254. *See Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004). Thus, none of Gentras's proposed challenges to the Louisiana courts' procedures for addressing postconviction petitions states a claim that is cognizable on federal habeas review. Additionally, to the extent that Gentras wishes to raise the same claims that he brought in his previous § 2254 application, he may not do so. *See* § 2244(b)(1).

Accordingly, IT IS ORDERED that Gentras's motion for authorization to file a successive § 2254 application is DENIED.