# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40890

United States Court of Appeals
Fifth Circuit

**FILED**

July 19, 2016

Lyle W. Cayce
Clerk

MELVIN JOHNSON, III,

Plaintiff-Appellant

v.

CRAIG ESTLINBAUM; SHARON KELLER, Presiding Judge; LAWRENCE E. MEYERS; CHERYL JOHNSON, Judge; MIKE KEASLER, Judge,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:15-CV-130

Before PRADO, OWEN, and COSTA, Circuit Judges.

PER CURIAM:[*]

Melvin Johnson, III, Texas prisoner # 1626767, filed a 42 U.S.C. § 1983 action against a Texas district court judge and the judges of the Texas Court of Criminal Appeals, alleging that he was denied a fair opportunity to present facts in support of his state habeas application. The district court dismissed the complaint without prejudice, and it denied Johnson's motion to proceed in forma pauperis (IFP) on appeal. The court certified that the appeal was not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40890

taken in good faith. By moving for IFP status in this court, Johnson is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Johnson's argument that his claims for prospective injunctive and declaratory relief are cognizable under § 1983 fails. Here, Johnson challenged alleged constitutional defects in the state habeas proceedings—claims which he concedes cannot form the basis for federal habeas relief. *See Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004). Moreover, a review of his pleadings demonstrates that the only remedy he sought against the Texas judges was in the nature of mandamus relief. Federal courts, however, do not have the authority to direct a state court's actions under the circumstances alleged by Johnson. *See Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973).

Johnson's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, we deny the IFP motion and dismiss the appeal. *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2. The dismissal of the appeal as frivolous counts as a "strike" for purposes of the "three strikes" bar under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Johnson is WARNED that if he accumulates at least three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.