# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10422
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

April 27, 2017

Lyle W. Cayce
Clerk

DONALD GENE BLANTON,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-3757

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

Donald Gene Blanton, Texas prisoner # 1307891, was convicted by a jury of tampering with physical evidence and possession of cocaine. His initial 28 U.S.C. § 2254 applications as to each count of conviction were denied. After he pursued further state postconviction relief, Blanton filed in the district court pleadings that contested the disposition of his state habeas filings and disputed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his guilt of the crimes of conviction. The district court construed the pleadings as an unauthorized successive § 2254 application and transferred the matter to this court. Blanton appeals the district court's transfer order.

Blanton argues that, during the initial state postconviction proceedings, the State submitted an affidavit to which it attached evidence indicating that he was convicted of a marijuana offense; Blanton maintains that he was not properly indicted or convicted of a marijuana offense and, thus, he may file a § 2254 application to assert his innocence. He further contends that, because there is no valid judgment for a marijuana offense, the district court did not have jurisdiction to consider his prior § 2254 applications and impermissibly assumed hypothetical jurisdiction.

He does not allege that a new judgment or sentence was imposed since he filed his previous § 2254 applications or contend that his presumed § 2254 application raises claims that could not have been asserted in his past § 2254 applications. Thus, to the extent that Blanton seeks to contest his conviction on grounds that he could have asserted in a previous § 2254 application, those claims are successive. *See Leal-Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009). To the extent that Blanton alleged errors in the state postconviction proceedings that came after his past § 2254 applications or in previous federal habeas proceedings, those claims are not cognizable on federal habeas review. *See Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004); *see also In re Gentras*, 666 F.3d 910, 911 (5th Cir. 2012).

Further, we previously denied Blanton authorization to file a successive § 2254 application based on the same arguments that he now raises. *See In re Blanton*, No. 16-10301 (5th Cir. June 6, 2016). Blanton has not presented any arguments or evidence that refutes our prior determinations and, especially, he has not shown that the underlying basis for his claims – i.e., he was not

No. 16-10422

convicted of a marijuana offense – is supported by the record or implicates whether his § 2254 application is an unauthorized successive application. His contention that he may pursue federal habeas relief on account of his actual innocence is unavailing. *See Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006); *see also McQuiggin v. Perkins*, 133 S. Ct. 1924, 1934 & n.1 (2013). Thus, Blanton has not established that the district court's transfer order was erroneous. *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir.), *cert. denied*, 136 S. Ct. 431 (2015).

Accordingly, the district court's transfer order is AFFIRMED. Blanton's motions for judicial notice, for the appointment of counsel, and to strike fraudulent evidence are DENIED.