# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2021

Lyle W. Cayce
Clerk

No. 20-50808

In re: Charlie Lee Stewart, Sr.,

*Movant.*

Motion for an order authorizing
the United States District Court for the
Western District of Texas to consider
a successive 28 U.S.C. § 2254 application

Before Jones, Elrod, and Higginson, *Circuit Judges*.

Per Curiam:*

Charlie Lee Stewart, Sr., Texas prisoner # 01897620, requests authorization to file a successive 28 U.S.C. § 2254 application challenging his conviction for continuous sexual abuse of a child. Stewart asserts that he is actually innocent based on new evidence, i.e., an affidavit from Esmeregilda Soliz stating that the victim recanted her trial testimony to Soliz.

We will grant Stewart authorization to file a second or successive § 2254 application only if he makes a prima facie showing that his claim relies on either (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50808

(2) facts that "could not have been discovered previously through the exercise of due diligence . . . [that] if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  28 U.S.C. § 2244(b)(2)(A), (B); *see* § 2244(b)(3)(C).

Stewart presents actual innocence as a freestanding claim.  We do not recognize freestanding claims of actual innocence on federal habeas review. *See In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009).  Accordingly, Stewart has not made the required prima facie showing under § 2244(b).  *See id.*; *In re Gentras*, 666 F.3d 910, 911 (5th Cir. 2012).  For the same reason, Stewart's invocation of *Schlup v. Delo*, 513 U.S. 298, 327-29 (1995), is unavailing.  *See In re Swearingen*, 556 F.3d at 348.

IT IS ORDERED that Stewart's motion for authorization to file a successive § 2254 application is DENIED.