# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2022

Lyle W. Cayce
Clerk

No. 20-20516

Trenton LeTroy Jackson,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director*, *Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-cv-3656

Before Jolly, Willett, and Oldham, *Circuit Judges*.

Andrew S. Oldham, *Circuit Judge*:

Trenton LeTroy Jackson murdered his three-year-old daughter. A Texas state court sentenced him to life imprisonment. We have twice refused to authorize Jackson's successive habeas petitions under 28 U.S.C. § 2244(b)(3). This appeal asks whether the district court properly interpreted Jackson's motion for relief from the judgment under Rule 60(b) as another successive habeas petition. We answer yes and affirm.

No. 20-20516

I.

In 2004, a Texas jury convicted Jackson of murder. After exhausting state-law mechanisms for challenging his conviction, he filed a habeas petition in federal court in 2009. *See* 28 U.S.C. § 2254. The district court dismissed that petition as time-barred under the one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d). Jackson did not appeal that ruling.

Jackson subsequently moved this court for authorization to file two successive habeas petitions, arguing that he had uncovered new evidence and that the prosecutor had presented false testimony. Two different panels of our court denied Jackson's motions. *In re Jackson*, No. 20-20137, ECF No. 13-2 (Apr. 1, 2020); *In re Jackson*, No. 20-20480, ECF No. 20-2 (Nov. 27, 2020). In denying his second motion for authorization, we warned Jackson against the further "filing of repetitive and frivolous motions." No. 20-20480, ECF No. 20-2, at 2.

On April 28, 2020, Jackson moved for relief from the judgment in the district court under Federal Rule of Civil Procedure 60(b)(6). He again argued that new evidence supported his innocence and that his conviction should be overturned due to ineffective assistance of counsel and the prosecutor's use of false testimony. He also argued that his claim of actual innocence could overcome § 2244(d)'s limitations period under *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

The district court held that Jackson's Rule 60(b) motion was in substance a successive habeas petition. The court therefore recharacterized the motion and found that it lacked jurisdiction absent our prior authorization under 28 U.S.C. § 2244(b). The court then transferred the case to us so we could consider whether to issue that authorization. *See* 28 U.S.C. § 1631.

2

No. 20-20516

Jackson timely appealed the district court's transfer order. We have previously held that such transfer orders are appealable under the collateral order doctrine. *In re Bradford*, 660 F.3d 226, 229 (5th Cir. 2011) (per curiam). And our precedent dictates that Jackson may appeal the district court's transfer order without a certificate of appealability. *United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015). Our review is *de novo*. *United States v. Villarreal*, 723 F.3d 609, 610 (5th Cir. 2013) (per curiam).

II.

The only question presented is whether the district court correctly interpreted Jackson's Rule 60(b) motion as a disguised and otherwise-barred successive habeas petition. It did.

The Supreme Court's decision in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), controls our analysis. There, the Court considered the possibility that state prisoners could use Rule 60(b) motions to evade AEDPA's limitations on successive habeas petitions.[*] The Court held that Rule 60(b) motions which present habeas "claims," *see* 28 U.S.C. § 2244(b), should be treated as successive habeas petitions subject to the strictures of § 2244(b). *Gonzalez*, 545 U.S. at 531. Otherwise, "use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." *Id.* at 532.

How are courts to decide whether a Rule 60(b) motion presents a habeas "claim"? The *Gonzalez* Court focused on whether the motion "seeks

---

[*] Rule 60(b) allows a party to ask the district court for relief "from a final judgment, order, or proceeding" based on grounds that include "excusable neglect," "newly discovered evidence," "misconduct by an opposing party," and "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

3

to add a new ground for relief" or "attacks the federal court's previous resolution of a claim *on the merits*." *Ibid.* It gave three examples of motions that qualify: first, a motion seeking leave to bring a new claim of constitutional error that was previously omitted due to "excusable neglect"; second, a motion seeking leave to present newly discovered evidence in support of a claim previously argued; and third, a motion seeking relief based on a subsequent change in substantive law. *See id.* at 530–31 (quotation omitted). These are all quintessential habeas claims, and petitioners may not use Rule 60(b) to evade AEDPA's limits on their cognizability. On the other hand, the Court clarified that a movant is not making a habeas claim "when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532 n.4; *cf. Brannigan v. United States*, 249 F.3d 584, 588 (7th Cir. 2001) (distinguishing different habeas "claims").

Jackson's Rule 60(b) motion argued that new evidence demonstrates his counsel's ineffectiveness and shows that his conviction was constitutionally infirm. He also argued that the prosecutor violated his due process rights by presenting false testimony. But we have repeatedly held, relying on *Gonzalez*, that this kind of argumentation is "fundamentally substantive" and presents "paradigmatic habeas claim[s]." *In re Coleman*, 768 F.3d 367, 372 & n.17 (5th Cir. 2014) (per curiam) (quotation omitted); *see also, e.g.*, *Runnels v. Davis*, 746 F. App'x 308, 315 (5th Cir. 2018); *In re Jasper*, 559 F. App'x 366, 371 (5th Cir. 2014). The district court thus properly characterized Jackson's Rule 60(b) motion as a successive habeas petition.

Jackson responds by pointing to footnote 4 of *Gonzalez*. There the Court stated that a Rule 60(b) motion does not present a habeas claim if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure

to exhaust, procedural default, or statute-of-limitations bar." 545 U.S. at 532 n.4. But Jackson has no basis to argue that the district court's 2010 ruling that his first § 2254 petition was time-barred "was in error." *Ibid.* Instead he argues that, armed with new evidence, he can now make a substantial showing of his actual innocence and thus escape § 2244(d)'s limitations period under *McQuiggin*. That has nothing to do with the correctness of the district court's 2010 statute-of-limitations ruling. It has everything to do with "presenting new evidence in support of . . . claim[s] already litigated"— specifically, Jackson's ineffectiveness and due process claims, which he has already litigated at length. *Id.* at 531. And according to *Gonzalez*, a Rule 60(b) motion "presenting new evidence in support of a claim already litigated" is a paradigmatic example of a disguised successive § 2254 petition. *Ibid.*

Jackson separately argues that the district court must consider his Rule 60(b) motion under *McQuiggin*. That case held that a first-time federal habeas petitioner could overcome § 2244(d)'s limitations period by making a convincing showing of his actual innocence. *McQuiggin*, 569 U.S. at 386. But *McQuiggin* specifically distinguished second-or-successive petitions like the one at issue here:

> Sections 2244(b)(2)(B) and 2254(e)(2) thus reflect Congress' will to modify the miscarriage of justice exception with respect to second-or-successive petitions and the holding of evidentiary hearings in federal court. These provisions do not demonstrate Congress' intent to preclude courts from applying the exception, unmodified, to "the type of petition at issue here"—an untimely first federal habeas petition alleging a gateway actual-innocence claim. The more rational inference to draw from Congress' incorporation of a modified version of the miscarriage of justice exception in §§ 2244(b)(2)(B) and 2254(e)(2) is simply this: In a case not governed by those provisions, *i.e.*, a first petition for federal habeas relief, the

No. 20-20516

miscarriage of justice exception survived AEDPA's passage intact and unrestricted.

*Id.* at 396–97. Put simply, *McQuiggin* recognized that AEDPA *does* eliminate the "miscarriage of justice" exception for second-or-successive petitioners like Jackson.

\*　　\*　　\*

The district court properly recharacterized Jackson's Rule 60(b) motion as a successive habeas petition and transferred it to this court to consider whether it met the precertification criteria in 28 U.S.C. § 2244(b)(3). AFFIRMED.