# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 18, 2023

Lyle W. Cayce
Clerk

No. 22-50792

In re Isaias L. Palacios,

*Movant.*

Motion for an order authorizing
the United States District Court for the
Western District of Texas to consider
a successive 28 U.S.C. § 2254 application

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:

Isaias L. Palacios, Texas prisoner # 1709341, moves for authorization to file a second or successive 28 U.S.C. § 2254 application with respect to his conviction for two counts of aggravated assault with a deadly weapon and one count evading arrest and detention in a motor vehicle.[1] He is one of many Texas prisoners who, after previously filing state habeas applications, have since learned that Weldon Ralph Petty, the state prosecutor who opposed their state habeas applications, was also employed by one or more district judges to prepare findings of fact and conclusions of law in those same habeas

---

[1] *Palacios v. State*, No. 11-1100084-CR, 2013 WL 4505372, at *1 (Tex. App.— Eastland Apr. 11, 2013, not pet.) (mem. op., not designated for publication).

No. 22-50792

cases.[2] Palacios argues that the shared work of prosecutor Petty and the presiding judge denied his constitutional right to an impartial judge and his requested jury instructions.

Palacios does not rely on a new rule of constitutional law, he rather relies on newly discovered evidence—collusion of Petty and the judge—which he argues deprived him of a fair trial. Assuming, *arguendo*, that the factual predicate for this claim was previously undiscoverable "through the exercise of due diligence[,]"[3] the facts underlying this claim do not "establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [Palacios] guilty of the underlying offense[s]."[4] Palacios argues that but for the collusion, the presiding judge would have included his requested jury instructions for duress, necessity, self-defense, and deadly force in defense of a person. But, as addressed on appeal, these jury instructions are unavailable to Palacios because he did not admit to the conduct through his own testimony or through statements he made to other individuals, as required by the doctrines of confession and avoidance.[5] Palacios therefore fails to make the requisite prima facie showing

---

[2] *See, e.g.*, *Ex parte Young*, No. WR-65,137-05, 2021 WL 4302528, at *2–3 (Tex. Crim. App. Sept. 22, 2021) (per curiam) (not designated for publication); *Ex parte Benavides*, No. WR-81,593-01, 2022 WL 4360857, at *1 (Tex. Crim. App. Sept. 21, 2022) (per curiam) (not designated for publication); *Ex parte Vetter*, No. WR-85,551-01, 2022 WL 610979, at *1 (Tex. Crim. App. Mar. 2, 2022) (per curiam) (not designated for publication); *Ex parte Rodriguez*, Nos. WR-33, 906-02 & WR-33,906-04, 2022 WL 389403, *1 (Tex. Crim. App. Feb. 9, 2022) (per curiam) (not designated for publication).

[3] 22 U.S.C. § 2244(b)(2)(B)(i).

[4] *Id.* § 2244(b)(2)(B).

[5] *Palacios*, 2013 WL 4505372, at *1.

No. 22-50792

that but for the collusion, no reasonable factfinder would have found him guilty of the underlying offenses.[6]

To the extent that Palacios attempts to present a claim of actual innocence, this Court "does not recognize freestanding claims of actual innocence on federal habeas review."[7] Likewise, he may not rely on an assertion of actual innocence to serve as a gateway to overcome the bar to successive filing.[8] Additionally, infirmities in state postconviction proceedings are not grounds for relief under § 2254.[9] Thus, none of Palacios's proposed challenges state a claim that is cognizable on federal habeas review.[10]

Accordingly, IT IS ORDERED that the motion for authorization to file a second or successive § 2254 application is DENIED.

---

[6] *See* § 2244(b)(2), (b)(3)(C).

[7] *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009).

[8] *See Jackson v. Lumpkin*, 25 F.4th 339, 341 (5th Cir. 2022).

[9] *See Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004); *see also In re Wagner*, No. 22-50259, ECF 22-50259, 24-2 (5th Cir. Aug. 3, 2022) (unpublished per curiam) (denying a motion for authorization to file a § 2254 application challenging Petty's involvement in a state habeas proceeding); *In re Russie*, No. 22-50253, ECF 22-50253, 24-2 (5th Cir. June 21, 2022) (unpublished per curiam) (same).

[10] *In re Gentras*, 666 F.3d 910, 911 (5th Cir. 2012).