NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TONY EDWARD POWELL, | No.    18-16890 |
| Petitioner-Appellant, | D.C. No. 4:14-cv-02553-RM |
| v. | |
| BECKY CLAY, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Argued and Submitted August 15, 2024
San Francisco, California

Before:  GRABER, CALLAHAN, and KOH, Circuit Judges.
Dissent by Judge KOH.

Appellant Tony Edward Powell appeals an order from the District of

Arizona dismissing his petition for writ of habeas corpus under 28 U.S.C. § 2241.

The district court determined that it lacked jurisdiction to consider Powell's

petition and granted a certificate of appealability.  We have jurisdiction under 28

U.S.C. § 1291 and affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

## I.     <u>Procedural Background</u>

The procedural history in this case is important to resolving Powell's appeal, so we recount it in some detail. In 1996, Powell was convicted, following a jury trial in the Western District of Texas, of possessing crack cocaine with the intent to distribute in violation of 21 U.S.C § 841(a)(1). While appealing his conviction to the Fifth Circuit, Powell's attorney withdrew, and a new attorney, Walter Reaves, was appointed. The Fifth Circuit affirmed Powell's conviction in April 1997, and the Supreme Court denied certiorari in October 1997. Reaves failed to notify Powell that certiorari had been denied and that the one-year statute of limitations for filing a motion under 28 U.S.C. § 2255 had begun. *See* 28 U.S.C. § 2255(f). It was not until April 1999—more than six months after the statute of limitations had run—that Reaves notified Powell that certiorari was denied.

Notwithstanding the expiration of the statute of limitations, Powell filed a motion to vacate his sentence pursuant to § 2255 in June 2001. The district court for the Western District of Texas denied Powell's § 2255 motion in November 2001, determining that Powell's motion was untimely and not equitably tolled because "the Fifth Circuit has held that ignorance of the limitations period does not support equitable tolling." In July 2002, the Fifth Circuit denied Powell's certificate of appealability, concluding that Powell had not established the "rare and exceptional" circumstances necessary to equitably toll the limitations period.

In December 2002, Powell filed a Rule 60(b) motion in the Western District of Texas, asking for relief from the November 2001 order. Powell argued that his § 2255 motion was "untimely due to matters not within his control," and that "procedurally barring him pursuant to the AEDPA one-year time limitation because of reasons that he had absolutely no control over is a miscarriage of justice." Powell asked the district court to hear his § 2255 motion "on its merits."

The district court denied Powell's Rule 60(b) motion in February 2003, and, in March 2003, issued an order denying Powell a certificate of appealability. The district court construed Powell's Rule 60(b) motion as a successive § 2255 motion and explained that "Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions." The Fifth Circuit agreed, denying Powell's certificate of appealability because "[i]t is appropriate to treat a Rule 60(b) motion seeking relief from a criminal conviction as a successive motion under 28 U.S.C. § 2255." *See* 28 U.S.C. § 2255(h) (prohibiting "[a] second or successive motion" unless the motion contains newly discovered evidence affecting the guilty verdict or a new rule of constitutional law).

Powell filed another Rule 60(b) motion in May 2004 in the Western District of Texas, again arguing that he had "fallen prey to an unintentional mistake, or mishap of his counsel." The district court denied Powell's Rule 60(b) motion in June 2004 because it considered it "a successive § 2255 motion," and the court

3

explained that "[Powell] has previously been advised that a 60(b) petition will be construed as a successive § 2255 motion." The Fifth Circuit then denied Powell's certificate of appealability in August 2005, finding Powell's request "frivolous." In its order, the Fifth Circuit issued a warning to Powell "that the filing of frivolous motions and appeals will result in the imposition of a sanction in the future."

In addition to filing Rule 60(b) motions, Powell filed in May 2007 a document titled "Administrative Notice and Demand Federal Rules of Evidence 201 and 301" challenging the subject matter jurisdiction of the trial court, which the district court denied. Powell then filed a Motion for Reconsideration in September 2007, which the district court also denied. In its order denying the Motion for Reconsideration, the district court considered Powell's motions to be "attempts by the Defendant to unilaterally encumber the Government and the Court with civil maneuvers filed in his criminal case, which are designed to coerce his release from prison," and the court warned that "[s]uch attempts to circumvent the proper avenues of direct and collateral review of a criminal conviction and sentence cannot be allowed to continue." Accordingly, the district court informed Powell that "the filing of similar documents in the future, whether in this case or as an original civil action, shall result in an appropriate sanction being assessed, which may include, and is not limited to, a monetary sanction and/or bar from filing any pleading without prior written consent from a United States District

Judge or Magistrate Judge."

Powell filed his second § 2255 motion in the Western District of Texas on June 30, 2008. The district court denied the motion as untimely in September 2008 and held that, "[e]ven if not barred by the one-year limitation period, Movant's application should be denied as a successive § 2255 motion." Referencing the Fifth Circuit's August 2005 warning, the district court ordered the clerk "to refuse any further filings on Movant's behalf without Movant first obtaining leave of this Court or of the 5th Circuit Court of Appeals." In a footnote, the district court wrote: "The Court understands that obtaining leave of court requires a filing, and that the Clerk has been instructed to refuse any further filings. Accordingly, the Court suggests that Movant obtain a copy of 'Catch 22,' written by Joseph Heller." ("Catch-22 sanction").

In October 2008, Powell filed a motion for leave to file a certificate of appealability and to appeal to the Fifth Circuit. In addition to arguing that the September 2008 sanction was unconstitutionally vague, Powell raised arguments attacking the merits of his underlying conviction. The district court granted Powell's motion for leave and directed the clerk to file Powell's motion as his "Notice of Appeal and Request for Certificate of Appealability."

The Fifth Circuit denied Powell's appeal in December 2008. The Fifth Circuit found Powell's appeal frivolous, so it sanctioned Powell $100 and

5

prohibited him "from filing in this court or in any court subject to this court's jurisdiction any challenge to his conviction or sentence until the total amount of the sanction imposed on him is paid in full." The Fifth Circuit then denied Powell a certificate of appealability in July 2009, this time sanctioning Powell $300 and again prohibiting him "from filing any pleadings in the district court or this court concerning the validity of his conviction or sentence until the sanction has been paid in full unless he first obtains leave of the court in which he seeks to file such challenge."

Powell was eventually transferred to a correctional facility in Arizona, and he filed a petition for habeas corpus under 28 U.S.C. § 2241 in the District of Arizona. The district court dismissed Powell's habeas petition for lack of jurisdiction, which Powell timely appealed. We review de novo a district court's decision that it lacks jurisdiction over a § 2241 petition. *Allen v. Ives*, 950 F.3d 1184, 1188 (9th Cir. 2020).

## II. Discussion

"As a general rule, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011) (citation and internal quotation marks omitted). Section 2255 motions must be brought in the "court which imposed the sentence," 28 U.S.C. § 2255(a), which in this case is the Western

District of Texas.  However, if the remedy sought through a § 2255 motion is "inadequate or ineffective to test the legality of [the prisoner's] detention," *see id.* § 2255(e), the prisoner may petition for a writ of habeas corpus from the federal district court in the district where the prisoner is in custody.  28 U.S.C. § 2241.

Section 2255(e) is referred to as the "saving clause."  *Jones v. Hendrix*, 599 U.S. 465, 475 (2023).  The saving clause "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court."  *Id.* at 478.  Powell argues that his case poses an "unusual circumstance" that makes it "impossible or impracticable" for him to seek relief in the sentencing court "because the sentencing court's and Fifth Circuit's orders preclude him from doing so."  He claims that the sentencing court "has declared itself unavailable, placing him in what it acknowledged was a Catch-22 situation," making the procedural step of filing in its court "impossible" or at least "impracticable."

We disagree.  Powell acknowledges that Rule 60(b) "is necessarily part and parcel of the § 2255 vehicle" and assumes that he cannot file another Rule 60(b) motion in the Western District of Texas or exercise his right to appeal in the Fifth Circuit.  The lengthy procedural history in this case demonstrates otherwise, however, and intervening Supreme Court precedent provides that Powell may now seek relief in the sentencing court.

7

After the district court's "Catch-22" sanction, Powell filed a motion for leave from the district court to file a certificate of appealability and appeal to the Fifth Circuit. The district court *granted* this motion, permitting Powell to challenge his conviction or sentence. It follows that the "Catch-22" sanction in fact did not make such challenges in the Western District of Texas either "impossible or impracticable." Indeed, it is common practice to require litigants to file motions for leave under appropriate circumstances. *See, e.g.*, Fed. R. Civ. P. 15(a)(2). Powell also overstates the Fifth Circuit's sanction as a "bar on filing in its own court." The Fifth Circuit prohibited Powell from filing "until the total amount of the sanction imposed on him is paid in full unless he first obtains leave of the court." The record is unclear as to whether Powell has satisfied the $400 in sanctions due, but, in any event, the order plainly allows Powell to seek leave of the court even if he has yet to pay the sanctions.

Perhaps more importantly, intervening changes in the law also establish that Powell can file a non-frivolous 60(b) motion in the Western District of Texas. Both the Western District of Texas and the Fifth Circuit construed Powell's Rule 60(b) motions without the benefit of *Gonazlez v. Crosby*, 545 U.S. 524 (2005), in which the Supreme Court distinguished between a Rule 60(b) motion that "attacks the federal court's previous resolution of a claim *on the merits*" and a Rule 60(b) motion that attacks "some defect in the integrity of the federal habeas

8

proceedings." 545 U.S. at 532. A motion that goes to the merits "is in substance a successive habeas petition," *id.* at 531, but a motion that "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for [a] statute-of-limitations bar," is not, *id.* at 532 n.4. Both of Powell's Rule 60(b) motions, which argued that the statute of limitations should have been equitably tolled, fall into the latter category.

*Gonzalez* was decided in June 2005, which explains why the sentencing court and Fifth Circuit misconstrued Powell's two Rule 60(b) motions as successive § 2255 petitions. Powell did not file another Rule 60(b) motion after *Gonzalez* was decided, and we have no reason to believe that the Western District of Texas and the Fifth Circuit would misconstrue Powell's Rule 60(b) motion today. *See Jackson v. Lumpkin*, 25 F.4th 339, 341 (5th Cir. 2022) (recognizing that *Gonzalez* permits Rule 60(b) motions that attack "the correctness of the district court's [] statute-of-limitations ruling"). The pre-*Gonzalez* decisions misconstruing Powell's Rule 60(b) motions do not foreclose Powell from *now* having a route "to test the legality of his detention." 28 U.S.C. § 2255(e).

Moreover, neither the Western District of Texas nor the Fifth Circuit considered Powell's filings with the benefit of *Holland v. Florida*, 560 U.S. 631 (2010) or *Maples v. Thomas*, 565 U.S. 266 (2012). In *Holland*, the Supreme Court held that "an attorney's failure to satisfy professional standards of care" could

9

constitute "extraordinary circumstances" to warrant tolling the AEDPA statute of limitations and endorsed lower court decisions finding equitable tolling where the attorney "effectively abandoned" the client or where the attorney "did not respond to his client's communications." 560 U.S. at 649–51. Then, in *Maples*, the Supreme Court held that "a client cannot be charged with the acts or omissions of an attorney who has abandoned him" and that such abandonment constitutes the "extraordinary circumstances" warranting equitable tolling. 565 U.S. at 283. As with the intervening *Gonzalez* decision, we have no reason to believe that the Western District of Texas or the Fifth Circuit would now refuse to entertain Powell's Rule 60(b) motion in view of these intervening Supreme Court decisions.

Ultimately, Powell "was right about the law." *Holland*, 560 U.S. at 640. Under *Gonzalez*, Powell's Rule 60(b) motions were not successive § 2255 motions and, under *Holland* and *Maples*, Powell can reasonably argue that his attorney abandoned him and that he therefore is entitled to equitable tolling of the AEDPA statute of limitations. Because Powell has a full and fair opportunity to file a non-frivolous Rule 60(b) motion in the sentencing court, challenging the sentencing court's November 2001 order on procedural grounds, the District of Arizona does

not have jurisdiction to hear Powell's § 2241 petition.[1]

**AFFIRMED.**[2]

---

[1] If Powell seeks permission to file a Rule 60(b) motion in the Texas courts and permission is denied, nothing in this disposition precludes the filing of a Rule 60(b) motion in this case.

[2] Powell's unopposed motion to supplement the record on appeal is GRANTED (Dkt. 31), and Respondent Becky Clay's motion for judicial notice is DENIED (Dkt. 71).

*Powell v. Clay*, No. 18-16890

KOH, Circuit Judge, dissenting:

I agree with my colleagues that Powell's 60(b) motion seeking equitable tolling of his first § 2255 petition is meritorious in light of *Gonzalez v. Crosby*, 545 U.S. 524 (2005), *Holland v. Florida*, 560 U.S. 631 (2010), and *Maples v. Thomas*, 565 U.S. 266 (2012). I part ways with the majority when it concludes that, based upon these intervening changes in law, Powell now faces no obstacle to filing a 60(b) motion in the U.S. District Court for the Western District of Texas (the "sentencing court"). Because I believe that it remains impossible or impracticable for Powell to seek relief in the sentencing court, I would reverse the decision of the U.S. District Court for the District of Arizona (the "custodial court") dismissing Powell's § 2241 petition for lack of jurisdiction and remand for the custodial court to consider Powell's petition on the merits.

Tony Edward Powell is currently serving a sentence of life imprisonment without the possibility of parole for possession of crack cocaine with the intent to distribute, of which a jury found him guilty on April 30, 1996. Powell was sentenced on August 15, 1996. He received the enhanced sentence of life without parole because of his two prior state felony convictions for possession of a controlled substance. 21 U.S.C. § 841(b)(1)(A) (1996). Powell's enhanced sentence was based upon the government's submission into evidence of an

1

inaccurate "pen packet"[1] that stated that Powell's prior convictions were for

"possession with intent to distribute," when he was in fact convicted of "possession

of a controlled substance."[2] To this day, the parties are unable to identify under

which Texas statutes Powell was convicted. Adding to the accuracy concerns,

Powell's second prior state felony conviction was for an out of custody drug

offense that the government alleged he committed while he was incarcerated.

Powell was sentenced based upon these prior convictions without a chance to

affirm or deny the prior convictions pursuant to 21 U.S.C. § 851(b), an error that

went unnoticed by his trial and appellate counsel. These two prior state

convictions triggered a mandatory sentence of life without parole.

The U.S. Court of Appeals for the Fifth Circuit affirmed the conviction and

sentence on April 22, 1997. The U.S. Supreme Court denied certiorari on October

6, 1997.

While his direct appeal was pending, Powell filed motions to obtain the

transcript of his trial from the sentencing court on January 15, 1997, September 25,

1998, January 4, 1999, and January 8, 2001, which were all denied. Powell also

---

[1]    A "pen packet" is a document displaying a defendant's prior criminal
convictions and typically consists of the judgments and sentences.
[2]    The pen packet was excluded from evidence at trial because of these
inaccuracies, but was later admitted into evidence at sentencing.

asked his appellate attorney Walter Reaves to send him copies of the trial transcript, which Reaves declined to do.

In written correspondence concerning the trial transcript dated December 5, 1997, Reaves misrepresented to Powell that he did "not have anything further concerning your case," misleading Powell to think that his direct appeal was still pending. In fact, the Supreme Court had denied certiorari two months prior, starting the one year statute of limitations to commence collateral proceedings under 28 U.S.C. § 2255(f). Reaves did not inform Powell of the denial of certiorari or that the one year clock had started for Powell to mount a collateral challenge to his conviction and sentence.

Only on April 12, 1999, six months after the one year statute of limitations had expired, did Reaves finally inform Powell that the Supreme Court had denied certiorari in Powell's direct appeal. Powell again unsuccessfully moved the sentencing court to send him the trial transcript. On April 6, 2001, Powell also filed a motion for the sentencing court to send him a copy of his presentence investigation report, which the court granted on April 20, 2001.

Powell filed his § 2255 petition on June 4, 2001. The § 2255 petition asserted that the one year statute of limitations should be equitably tolled because Reaves did not inform Powell that the Supreme Court had denied certiorari in his direct appeal until six months after the one year statute of limitations had expired.

3

In a short four page order, the sentencing court denied the petition as time barred and declined to equitably toll the statute of limitations. Powell appealed the denial of his § 2255 petition to the Fifth Circuit. His appeal was dismissed.

On December 23, 2002, Powell filed a 60(b) motion arguing that his § 2255 petition should have been equitably tolled and considered on the merits. The sentencing court summarily denied Powell's 60(b) motion in a three sentence order on February 14, 2003.

On June 30, 2008, Powell filed a successive § 2255 petition in the sentencing court. On September 22, 2008, the sentencing court denied the petition as untimely and successive. Because of Powell's multiple prior filings, the sentencing court "deem[ed] it necessary to order the Clerk of this Court to refuse any further filings on Movant's behalf without Movant first obtaining leave of this Court or of the 5th Circuit Court of Appeals." Apparently finding humor in Powell's situation, the sentencing court wrote that "[t]he Court understands that obtaining leave of court requires a filing, and that the Clerk has been instructed to refuse any further filings. Accordingly, the Court suggests that Movant obtain a copy of 'Catch 22,' written by Joseph Heller." (the "Catch-22 sanction").

On October 22, 2008, the sentencing court granted Powell leave to file a motion for a certificate of appealability to appeal the denial of his 60(b) motion

4

and the Catch-22 sanction, which the sentencing court denied. Powell's request for a certificate of appealability was docketed as a notice of appeal to the Fifth Circuit.

Upon receipt of Powell's appeal, the Fifth Circuit imposed two separate rounds of monetary sanctions.[3] It first found Powell's appeal frivolous and ordered him to pay $100 in monetary sanctions, stating that Powell was "barred from filing in this court or in any court subject to this court's jurisdiction any challenge to his conviction or sentence until the total amount of the sanction imposed on him is paid in full." The Fifth Circuit ordered the circuit and district court clerks not to file any challenge to Powell's conviction or sentence until he satisfied this sanction, and did not permit him to seek leave to file without paying the sanction.

The Fifth Circuit issued a second round of monetary sanctions when it denied Powell a certificate of appealability to challenge the sentencing court's denial of his successive § 2255 petition and Catch-22 sanction. The Fifth Circuit imposed a sanction of $300 and prohibited Powell "from filing any pleadings in the district court or this court concerning the validity of his conviction or sentence until the sanction has been paid in full unless he first obtains leave of the court in which he seeks to file such a challenge." The Fifth Circuit warned Powell that

---

[3] As the majority notes, the Fifth Circuit first considered on appeal the district court's denial of Powell's earlier motion titled "Administrative Notice and Demand Federal Rules of Evidence 201 and 301." It then considered the sentencing court's denial of his successive § 2255 petition and the Catch-22 sanction..

"any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions."

Since receiving these sanctions, Powell has not filed any motions attacking his conviction or sentence in the sentencing court. Powell's attorney represented at oral argument that Powell's sister paid or attempted to pay the sanctions, but that the Fifth Circuit has not retained a record of that payment and has since refused to accept a filing from Powell due to these unpaid monetary sanctions.

Based upon this procedural history, I conclude that Powell qualifies for relief under the § 2255(e) saving clause. In *Jones v. Hendrix*, 599 U.S. 465, 478 (2023), the Supreme Court held that "the [§ 2255(e)] saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." The saving clause applies when it is "not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, *or for other reasons*." *Id*. at 475 (emphasis added); 475 n.2 (explaining that the saving clause applies when "practical inadequacy" thwarts the § 2255 remedy). In short, the saving clause is available when a petitioner faces "practical filing problems." *Id*. at 505 (Jackson, J., dissenting).

In my view, Powell's situation squarely qualifies him for the § 2255(e) saving clause and recourse to § 2241 because further filings in the sentencing court

6

would be futile. First, it is not clear that the Fifth Circuit's two orders imposing sanctions lifted the sentencing court's Catch-22 sanction such that Powell may, as a practical matter, seek leave to file his 60(b) motion in the sentencing court. Second, the Fifth Circuit's first order imposing monetary sanctions of $100 does not allow Powell to seek leave to file any pleadings without paying that sanction. By the plain text of that order, Powell must pay the $100 sanction if he wishes to renew his challenge to the conviction or sentence. Based upon his counsel's representations at oral argument, it appears that the Fifth Circuit continues to enforce that sanction. Third, the Fifth Circuit's second order imposing monetary sanctions of $300 also contained a warning to Powell that further filings that were "frivolous *or repetitive*" (emphasis added) would result in further sanctions. Thus, if Powell files a renewed 60(b) motion or seeks leave to file such a motion in the sentencing court, he risks additional monetary sanctions. For these reasons, I would hold that it is "impossible or impracticable" for Powell "to seek relief in the sentencing court." *Jones*, 599 U.S. at 478. Due to the "practical inadequacy" of the § 2255 remedy in this case, *id.* at 475 n.2, I would conclude that the custodial court had jurisdiction to consider Powell's § 2241 petition.

My colleagues contend that because the sentencing court granted Powell leave to file a motion for a certificate of appealability to challenge the Catch-22 sanction sixteen years ago, it must be true that he will now be allowed to file a

7

60(b) motion to reopen his first habeas petition in the sentencing court. I respectfully disagree with my colleagues' conclusion. In fact, when Powell did file his appeal of the Catch-22 sanction after the sentencing court granted leave to request a certificate of appealability, the Fifth Circuit imposed several hundred dollars' worth of monetary sanctions and warned that Powell would be subject to additional sanctions for submitting further filings within its jurisdiction without payment or leave of court. The fact that Powell was subject to monetary sanctions *after* the sentencing court granted him leave to file does not suggest that the sentencing court and the Fifth Circuit will entertain a renewed 60(b) motion. This history reflects the sort of "practical inadequacy" of the sentencing court that the saving clause was designed to address. *Jones*, 599 U.S. at 475 n.2. Further, the fact that Powell was granted leave to file a motion for a certificate of appealability does not suggest that the sentencing court will grant leave to file a wholly separate 60(b) motion when the sentencing court has already denied 60(b) motions asserting substantially similar arguments. Moreover, the suggestion that Powell may simply ignore the sentencing court's and the Fifth Circuit's orders prohibiting further filings attacking his conviction or sentence overlooks the "requirement of obedience to a court order." *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987).

8

The intervening decisions of *Gonzalez*, *Holland*, and *Maples* also do not, by themselves, demonstrate that Powell is now able to file his 60(b) motion in the sentencing court. Powell was not sanctioned because of his erroneous legal arguments. Rather, the district court issued its Catch-22 sanction because he filed "several prior § 2255 motions" and he asserted "frivolous arguments that had been addressed in prior proceedings." Likewise, the Fifth Circuit referenced Powell's "frivolous or repetitive" filings when it forbade him from further filing "unless he first obtains leave of the court in which he seeks to file." In short, Powell was not sanctioned solely because his arguments were unsupported by the law as it stood at the time, but also because of his repetitive filings asserting those arguments. It stands to reason that Powell's renewed 60(b) filing in response to the majority's decision will be no less repetitious and thus, according to the Fifth Circuit's orders, no less sanctionable.[4]

---

[4] It is of no moment that since the imposition of sanctions, Powell has been able to file motions for compassionate release and for sentence reduction under the First Step Act. The Fifth Circuit forbade Powell from filing "any pleadings . . . concerning the validity of his conviction or sentence" without paying the sanction or seeking leave of the court. Unlike a 60(b) motion, Powell's motion for compassionate release and his motion for sentence reduction do not "imply that the original sentence was unlawful," *United States v. Roper*, 72 F.4th 1097, 1103 (9th Cir. 2023), and thus are not prohibited by the Fifth Circuit. *See also United States v. Chen*, 48 F.4th 1092, 1101 (9th Cir. 2022) (explaining that compassionate release, unlike § 2255 habeas relief, does not suggest that a defendant's sentence was unlawful).

Because I believe that it is impossible or impracticable for Powell to renew his 60(b) motion in the sentencing court without risking renewed monetary sanctions, I would hold that the custodial court had jurisdiction over Powell's § 2241 petition and would remand for consideration of the petition on the merits. I respectfully dissent.